Denise MINTER et al.

v.

WELLS FARGO BANK, N.A. et al.

Bradley Petry et al.

v.

Prosperity Mortgage Co. et al.

Civil Action Nos. WMN–07–3442, WMN–08–1642.

United States District Court, D. Maryland.

Aug. 29, 2012.

Richard S. Gordon, Benjamin Howard Carney, Thomas Macy McCray–Worrall, Gordon and Wolf Chtd., Towson, MD, Cyril Vincent Smith, III, William K. Meyer, Zuckerman Spaeder LLP, Baltimore, MD, for Denise Minter et al.

John Augustine Bourgeois, Kramon and Graham PA, Baltimore, MD, Brian M. Forbes, David D. Christensen, Irene Claire Freidel, K and L Gates LLP, Boston, MA, David T. Case, K and L Gates LLP, Washington, DC, for Wells Fargo Bank, N.A. et al.

### *MEMORANDUM & ORDER*

WILLIAM M. NICKERSON, Senior District Judge.

Before the Court in these related certified class actions are motions filed by the named-plaintiffs in a putative class action pending in a Maryland state court, *Larocca et al. v. The Creig Northrop Team et al.*, No. 13–C–11–89075 (Cir.Ct.How.Co.). ECF No. 391 in Civil Action No. WMN–07–3442 (*Minter*) and ECF No. 282 in Civil Action No. WMN–08–1642 (*Petry*). While these motions are styled as "motions to intervene," the true import of the motions is a request to extend deadlines in these federal class actions to give class members more time to opt out of these federal actions and become a part of the state class action. The motions are fully briefed. For the reasons discussed below, the motions will be denied.

*Minter* and *Petry* have both been pending in this Court for more than four years. The gravamen of these cases, in the most general terms, is that Prosperity Mortgage Company (Prosperity) was created as a sham entity to facilitate kick-backs and inflate settlement costs and that Defendants hid from borrowers the actual role of Prosperity. Opt-out classes including about 150,000 members were certified in both of these actions more than a year ago. In addition, two subclasses have been certified in *Minter*. Class notice in both actions was mailed on July 20, 2012, which specified an opt-out deadline of September 4, 2012. The briefing of summary judgment motions will commence this week and the trial in *Petry* is currently scheduled for March 18, 2013, through April 4, 2013, and the trial of the *Minter* action for May 6, 2013, through May 30, 2013.

The *Larocca* action was filed in the Circuit Court for Howard County on December 8, 2011. While some of the defendants in *Larocca* are the same as the defendants in *Minter/Petry* and involve some of the same mortgage transactions, the allegations in *Larocca* are entirely different. The allegations in *Larocca* involve only a single Prosperity Mortgage office and a single Long & Foster Realty office. The *Larocca* plaintiffs alleged that these offices perpetrated a fraudulent scheme designed to induce homeowners to purchase new homes before selling their current homes by use of fraudulently obtained home equity bridge loans taken on those current homes. Thus, while the alleged loss to each individual plaintiff is significantly greater in the *Larocca* action than in the *Minter/Petry* actions, the number of potential class members in much smaller. The *Larocca* plaintiffs indicate that they have located 23 individuals that were defrauded under this scheme and opine that there may be an additional 50 to 60 class members. The *Larocca* action is still in the midst of pre-certification discovery.

The *Larocca* Plaintiffs argue that they can intervene in these actions as a matter of right under Rule 24(a)(2) of the Federal

Rules of Civil Procedure. Under that Rule, a court must permit anyone who, on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As their interest in the subject matter of the *Minter/Petry* litigation, *Larocca* Plaintiffs proffer the possibility that the three Defendants who are defendants in *Minter/Petry* and *Larocca*—Prosperity, Wells Fargo Bank, and Long & Foster Real Estate, Inc.—may raise res *judicata* as a defense in the *Larocca* action if the *Minter/Petry* action reaches final judgment or settlement before the *Larocca* action.

As to the named-plaintiffs in *Larocca* and the 23 individuals who have been identified by *Larocca* Plaintiffs' counsel as potential *Larocca* class members, the answer to any fear that the defense of res *judicata* will be raised against them in *Larocca* is straightforward: those individuals can simply opt-out of the *Minter/Petry* class actions. The purported interveners' concern, therefore, relates only to the *Minter/Petry* class members who, while now aware through class notice of their potential claims that are the subject of the *Minter/Petry* actions, may be unaware of the very different claims that might be theirs as asserted in *Larocca*. While there are good arguments to the contrary, the Court will assume for the purpose of this opinion that the representatives of an uncertified putative class action can assert the interests of unidentified members of the putative class.

Notwithstanding that assumption, the Court finds that, because there is no risk that the resolution of the claims raised in *Minter/Petry* will bar by res *judicata* the very different claims raised in *Larocca*, there is no interest to protect and thus no need for intervention. "The doctrine of *res judicata* bars the relitigation of a claim if there is a final judgment in a previous litigation where the parties, the subject matter and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have been raised in the previous litigation." *Anne Arundel County Bd. of Educ. v. Norville*, 390 Md. 93, 887 A.2d 1029 (2005). Under Maryland law, the elements of res judicata, or claim preclusion, are: (1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) that there has been a final judgment on the merits. *Id.* at 1037. The elements of res judicata under federal law are analogous: (1) identical parties, or parties in privity, in the two actions; (2) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding; and, (3) a prior and final judgment on the merits, rendered by a court of competent jurisdiction in accordance with due process requirements. *Id.* at 1037–38.

Here, the causes of action or claims are not the same in both actions. As recently narrowed by Plaintiffs, the sole claim now to be asserted in *Minter* is a RESPA claim, and in *Petry*, a claim under the Finder's Fee Act and for conspiracy. *See* ECF No. 396 in *Minter*. The factual issues are primarily limited to whether Prosperity is a sham entity and whether it functioned as a mortgage broker. As acknowledged by the interveners, the *Larocca* action raises different claims having an entirely different factual focus: "the facts supporting the claims set forth in the *Larocca* Action are independent of the *Minter/Petry* Actions, as the causes of action arise from separate and distinct

facts." Mot. to Intervene at 8–9. As the *Minter/Petry* Plaintiffs note, the claims in *Larocca* could not be asserted in *Minter/Petry* because they would not meet Rule 23's commonality and typicality requirements. "[T]here is no way that a scheme affecting at most a few dozen Prosperity customers at a single Prosperity office over a short period of time could have been alleged alongside a far broader, deeper and longerlasting sham ABA, kickback, and mortgage broker arrangement." Pls. Opp'n at 11.

Perhaps the strongest argument against any *res judicata* effect of the *Minter/Petry* action over the *Larocca* action is that Defendants have now opposed the intervention of the *Larocca* plaintiffs. There is in that opposition at least implicit acknowledgement that the *Larocca* claims do not belong here. Having opposed intervention, Defendants cannot later argue that the *Larocca* claims are claims that could or should have been brought in *Minter/Petry*.

In support of their argument that even a potential res judicata defense creates a substantial interest warranting intervention, the *Larocca* Plaintiffs rely on *Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117 (4th Cir.1981). In that action, the National Labor Relations Board (the Board) sought to intervene in a declaratory judgment action filed in a federal district court because of concern over the potential *res judicata* effect that action could have on a pending unfair labor practice proceeding involving the same parties. The Fourth Circuit held that the district court erred in denying the Board's motion to intervene, noting that even if the district court proceeding was not entitled to res judicata or collateral estoppel effect in the unfair labor practices proceeding, "the district court judgment (clearly predictable when intervention was sought) created the kind of 'practical disadvantage' that has

been thought sufficient to warrant intervention of right." 646 F.2d at 121.

The Fourth Circuit also noted, however, in language ignored by the *Larocca* Plaintiffs, that

"[w]hen the Board sought intervention in the declaratory judgment action there was pending before the Board *the precise issue* whether the [employer and union] had committed unfair labor practices by enforcing *the very contractual provisions* whose interpretation was in issue in the declaratory judgment action. *The two proceedings thus involved common issues, central to each,* respecting the meaning and legality of these provisions so that there existed a real possibility of inconsistent adjudications on those issues in the two tribunals."

646 F.2d at 121 (emphasis added). There is no similar identity of factual or legal issues between the *Minter/Petry* and *Larocca* actions.

Finding that there are no potential res judicata issues arising out of these actions that would impair the claims asserted in the *Larocca* action, the Court will deny the pending motions to intervene. Accordingly, IT IS this 29th day of August, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That the Motions to Intervene and Extend the Opt–Out Period, ECF No. 391 in Civil Action No. WMN–07–3442 and ECF No. 282 in Civil Action No. WMN–08–1642, are DENIED.

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.